******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v*. SAMUEL M.*
(SC 19578)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald and Robinson, Js.

*Argued October 17—officially released December 27, 2016*

*Kathryn W. Bare*, assistant state's attorney, with whom, on the brief, were *Patricia M. Froehlich*, former state's attorney, and *Andrew J. Slitt*, assistant state's attorney, for the appellant (state).

*Bryan P. Fiengo*, for the appellee (defendant).

*Opinion*

ROGERS, C. J. In this certified appeal, we are asked to determine whether the state has satisfied its burden to prove that a defendant whose case was automatically transferred from the juvenile docket to the regular criminal docket of the Superior Court was at least fourteen years of age at the time he allegedly engaged in the criminal conduct underlying the charged offenses. The defendant, Samuel M., was charged by juvenile information with the crimes of sexual assault in the first degree in violation of General Statutes § 53a-70 and risk of injury to a child in violation of General Statutes § 53-21, based on seven incidents involving his minor cousin (victim), which the state alleged to have occurred "on or about June, 2009." Based on the seriousness of the offenses and the allegation that the defendant's criminal conduct occurred in June, 2009, when the defendant was fourteen years old, the case was automatically transferred from the juvenile docket to the regular criminal docket of the Superior Court pursuant to General Statutes (Rev. to 2009) § 46b-127 (a).[1] After a jury trial, the defendant was convicted of two counts of sexual assault in the first degree and one count of risk of injury to a child based on two separate incidents. The Appellate Court vacated the defendant's convictions, holding that the trial court had improperly denied the defendant's posttrial motion to dismiss the amended information because the state had failed to prove beyond a reasonable doubt that the two incidents had occurred after the defendant's fourteenth birthday. *State* v. *Samuel M.*, 159 Conn. App. 242, 284–85, 123 A.3d 44 (2015). Because we agree with the Appellate Court that the state did not establish under any burden of proof that the defendant was fourteen years of age at the time he committed the offenses of which he was convicted, we affirm the judgment of the Appellate Court.

On the basis of the evidence, the jury reasonably could have found the following facts. The defendant and the victim are first cousins. At all relevant times, the defendant, the victim, and their grandparents lived in houses on the same street in close proximity to each other. The defendant was born on September 17, 1994. The victim was born on December 31, 1998.

In June, 2009, when the victim attended middle school, he would go to his grandparents' house on Tuesday and Thursday afternoons after school until one of his parents arrived home. On those days, the defendant was also frequently at their grandparents' house. On one occasion, the victim and the defendant went into the woods behind the defendant's home where they stopped near a rock. The defendant forced the victim to remove his clothing and engage in oral sex. The defendant threatened to beat the victim with a baseball bat if he did not comply.

On another occasion, after taking a bus after school to his grandparents' house, the victim went to his house to complete his chores. The defendant subsequently entered the victim's house using a spare key that was kept at their grandparents' house. The defendant then pushed the victim upstairs to the victim's bedroom. The defendant removed the victim's clothing and forced him to engage in oral and anal sex.

The victim testified that these incidents, and the five other alleged incidents for which the defendant was not convicted, occurred when the victim was "nine or ten" years old. He further testified that the incidents began in the autumn of the year he was in fourth grade and occurred over a period of time with each incident approximately one month apart. The victim testified that in the fall of 2013, the year of the trial, he would be entering his sophomore year of high school.

The victim's mother testified that during the second half of June, 2009, she discovered a photograph of the victim's penis on her cell phone. When she confronted the victim about the photograph, he disclosed to her that he had had sexual contact with the defendant. After he made this disclosure in June, 2009, the victim and the defendant were never left alone together.

The following additional facts and procedural history are relevant to this appeal. After the Connecticut State Police conducted an investigation in 2010, which included a forensic interview of the victim, the state obtained a juvenile arrest warrant for the defendant based on allegations of seven incidents of sexual assault. In the juvenile information/arrest warrant, the defendant was charged with juvenile delinquency on the basis of committing sexual assault in the first degree in violation of § 53a-70, and risk of injury to a child in violation of § 53-21, in or about June, 2009.[2] The juvenile court automatically transferred the defendant's case to the regular criminal docket of the Superior Court pursuant to § 46b-127 (a) (1), because the defendant had been charged with a class A and a class B felony occurring in or about June, 2009, when he was fourteen years of age. Subsequently, the defendant was arraigned in Superior Court on the regular criminal docket. Prior to trial, the state filed an information charging the defendant with seven counts of sexual assault in the first degree by use of force in violation of § 53a-70 (a) (1), seven counts of sexual assault in the first degree for sexual intercourse with a victim under the age of thirteen in violation of § 53a-70 (a) (2), and one count of risk of injury to a child in violation of § 53-21 (a) (2).

During trial, the victim testified in detail regarding seven alleged incidents, each of which formed the basis for violations of both § 53a-70 (a) (1) and (2). At the close of the state's case-in-chief, the defendant moved for a judgment of acquittal as to all counts. The trial

court granted the defendant's motion for judgment of acquittal on counts eleven and twelve on the ground that the conduct alleged therein did not meet the definition of sexual contact pursuant to § 53a-70. The jury found the defendant not guilty of six counts of sexual assault in the first degree by use of force and three counts of sexual assault in the first degree for sexual intercourse with a victim under the age of thirteen. The jury found the defendant guilty of one count of risk of injury to a child and three counts of sexual assault in the first degree for sexual intercourse with a victim under the age of thirteen.

The defendant thereafter moved for a judgment of acquittal on the four counts of which he was convicted, and also moved to dismiss the amended information and to transfer his case to the juvenile docket. The trial court granted the defendant's motion for judgment of acquittal on the sexual assault alleged in count two on the ground that the testimony at trial was insufficient to prove that the incident, which the victim had testified was the first of the seven alleged incidents, occurred "on or about June, 2009," when the defendant unquestionably was fourteen years old. The court found, however, that the evidence, viewed in the light most favorable to the state, reasonably permitted a finding beyond a reasonable doubt that the incidents forming the bases of counts six, ten, and fifteen alleging, respectively, two counts of sexual assault in the first degree and risk of injury to a child, occurred "on or about June, 2009," and therefore, the court denied the motion for a judgment of acquittal on those counts. The court also denied the defendant's motion to dismiss counts six, ten, and fifteen of the amended information without further analysis. Subsequently, the court sentenced the defendant to a total effective term of five years of incarceration followed by five years of special parole.

On appeal to the Appellate Court, the defendant claimed that the evidence was insufficient to support his conviction of any of the charged offenses due to inconsistencies in the victim's testimony at trial and also that the trial court improperly denied his motion to dismiss based on the state's failure to prove that he committed any of the offenses of which he was convicted after attaining the age of fourteen. *State* v. *Samuel M.*, supra, 159 Conn. App. 245. The Appellate Court held that the evidence was sufficient to support his conviction, but that the trial court had improperly denied the defendant's motion to dismiss. Id., 245–46. Specifically, the Appellate Court held that "if the statutory age criteria defining the grounds for transfer under § 46b-127 (a) cease to be met, the defendant may not be prosecuted, convicted, and sentenced as an adult." Id., 264. The Appellate Court went on to state that "when the state seeks to prosecute and convict a child for felony offenses, the state bears the burden of establishing the child's eligibility to be tried and sentenced as

an adult. Thus, to be punishable as a criminal offense in adult court, the offense must be shown to have occurred on or after the defendant's fourteenth birthday, and this must be proved beyond a reasonable doubt." Id., 268. Looking to the facts of the present case, the Appellate Court concluded that "[w]hile the original warrant, alleging that the acts occurred in June, 2009, may have been facially sufficient for a mandatory transfer to the regular criminal docket pursuant to § 46b-127 (a), the evidence to support the state's allegations as to the time frame of the defendant's alleged conduct was woefully deficient. The state failed to establish, by any burden of proof, that the defendant was at least fourteen years old when he engaged in the conduct underlying the convicted offenses. Hence, the court had no authority to render judgment against him as an adult offender. Accordingly, we conclude that the court erred in denying the defendant's motion to dismiss the amended information and transfer his case back to the juvenile docket." Id., 284.

This court granted the state's petition for certification to appeal. *State* v. *Samuel M.*, 319 Conn. 955, 125 A.3d 534 (2015). The state asks this court to determine: "1. Did the Appellate Court correctly determine that in [cases] automatically transferred from the juvenile docket of the Superior Court to the regular docket of the Superior Court pursuant to [§ 46b-127 (a)], the state bears the burden of establishing the child's eligibility to be tried and sentenced as an adult? 2. If the answer to the first question is in the affirmative, did the Appellate Court correctly determine that the state must meet its burden with proof beyond a reasonable doubt? 3. Did the Appellate Court apply the proper standard of review to the trial court's decision denying the defendant's motion to dismiss and transfer the case to the juvenile docket? [and] 4. If the answer to the third question is in the affirmative, did the Appellate Court correctly determine that the state failed to establish, by any burden of proof, that the defendant was at least fourteen years old at the time he committed the crimes?" Id.

At oral argument before this court, the state conceded that, during the course of the prosecution, if the defendant properly raises and challenges his age at the time of the offense, then the state bears the burden to make a prima facie case that satisfies the statutory elements necessary for transfer. The state claims that it satisfied its burden to prove that the defendant was at least fourteen years old at the time of the conduct forming the basis for his convictions, by either a preponderance of the evidence or beyond a reasonable doubt.

The defendant asserts that the Appellate Court properly held that the state failed to prove, either beyond a reasonable doubt or by a preponderance of the evidence, that he was at least fourteen years old at the time of the conduct underlying his convictions. We

agree with the defendant that the state failed to prove by any standard of proof that he was at least fourteen years of age at the time of the criminal conduct forming the basis of the convictions.[3]

We initially address the standard of review for a trial court's denial of a motion to dismiss. "Because a motion to dismiss effectively challenges the jurisdiction of the court, asserting that the state, as a matter of law and fact, cannot state a proper cause of action against the defendant, our review of the court's legal conclusions and resulting denial of the defendant's motion to dismiss is de novo." (Internal quotation marks omitted.) *State* v. *Ward*, 306 Conn. 698, 707, 52 A.3d 591 (2012). "Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous. . . . The applicable legal standard of review for the denial of a motion to dismiss, therefore, generally turns on whether the appellant seeks to challenge the legal conclusions of the trial court or its factual determinations." (Internal quotation marks omitted.) *State* v. *Golodner*, 305 Conn. 330, 338–39, 46 A.3d 71 (2012). The determination of whether the defendant was fourteen years of age at the time of the criminal conduct is a factual determination subject to a clearly erroneous standard of review. Insofar as the Appellate Court stated that the standard of review for underlying factual determinations was de novo; *State* v. *Samuel M.*, supra, 159 Conn. App. 268; we disagree.

General Statutes § 46b-145 provides in relevant part that "[n]o child shall be prosecuted for an offense before the regular criminal docket of the Superior Court except as provided in section 46b-127 . . . ." "The General Assembly thus has expressed a preference for shielding children from criminal liability except in clearly circumscribed situations." *State* v. *Torres*, 206 Conn. 346, 360, 538 A.2d 185 (1988). "There is no dispute that adjudication as a juvenile rather than prosecution as an adult carries significant benefits, chief among which are a determination of delinquency rather than criminality; General Statutes § 46b-121; confidentiality; General Statutes § 46b-124; limitations with respect to sentencing; General Statutes § 46b-140; erasure of files; General Statutes § 46b-146; and isolation from the adult criminal population. General Statutes § 46b-133; see also *In re Tyvonne M.*, 211 Conn. 151, 158–61, 558 A.2d 661 (1989)." *State* v. *Angel C.*, 245 Conn. 93, 103, 715 A.2d 652 (1998). "The additional protections afforded juveniles . . . demonstrate the legislature's intent that children accused of wrongdoing be accorded different treatment from adults." (Citations omitted.) *State* v. *Torres*, supra, 360. The limitation on the prosecution of juveniles before the regular criminal docket, however, is not a limitation on the subject matter jurisdiction of the court.[4] "Rather than implicating subject matter jurisdiction, issues relating to transfer between the juvenile and the regular criminal docket involve considerations

that are analogous to those of the law of venue." *State* v. *Kelley*, 206 Conn. 323, 332, 537 A.2d 483 (1988).

"The juvenile transfer statutes establish a detailed plan for transferring a case to the regular criminal docket." *State* v. *Torres*, supra, 206 Conn. 356. General Statutes (Rev. to 2009) § 46b-127 (a)[5] provides in relevant part: "The court shall automatically transfer from the docket for juvenile matters to the regular criminal docket of the Superior Court the case of any child charged with the commission of a capital felony, a class A or B felony or a violation of section 53a-54d, provided such offense was committed after such child attained the age of fourteen years . . . . The child shall be arraigned in the regular criminal docket of the Superior Court at the next court date following such transfer . . . . The file of any case so transferred shall remain sealed until the end of the tenth working day following such arraignment unless the state's attorney has filed a motion pursuant to this subsection, in which case such file shall remain sealed until the court makes a decision on the motion. A state's attorney may, not later than ten working days after such arraignment, file a motion to transfer the case of any child charged with the commission of a class B felony or a violation of subdivision (2) of subsection (a) of section 53a-70 to the docket for juvenile matters for proceedings in accordance with the provisions of this chapter. The court sitting for the regular criminal docket shall, after hearing and not later than ten working days after the filing of such motion, decide such motion." General Statutes (Rev. to 2009) § 46b-127 (c) provides in relevant part: "Upon the effectuation of the transfer, such child shall stand trial and be sentenced, if convicted, as if such child were seventeen years of age. . . . If the action is dismissed or nolled or if such child is found not guilty of the charge for which such child was transferred or of any lesser included offenses, the child shall resume such child's status as a juvenile until such child attains the age of eighteen years."

After a case has been transferred from the juvenile docket to the regular criminal docket, a defendant challenging the statutory criteria for transfer may move to dismiss the case pursuant to General Statutes § 54-56[6] and Practice Book § 41-8.[7] See *State* v. *Angel C.*, supra, 245 Conn. 122; *State* v. *Torres*, supra, 206 Conn. 350.

Once the defendant challenges the ability of the court to convict and sentence him as an adult based upon his age at the time of the underlying criminal conduct for which the jury returned a guilty verdict, we hold that the state bears the burden to prove the defendant's age. The state is clearly in the best position to prove the date of the alleged conduct, particularly because in any given case the defendant is most likely going to deny that he engaged in any illegal conduct. Assuming, without deciding, that a preponderance of the evidence

is the proper burden of proof to apply to the present case, we hold that the state failed to meet its burden in this case.

The defendant's motion to dismiss was submitted to the trial court after the jury returned its verdict. The state filed a memorandum in opposition to the motion to dismiss, arguing that a reasonable jury could have found, based on the evidence admitted at trial, that the defendant was fourteen years of age at the time of the criminal conduct underlying the guilty verdicts. Therefore, we evaluate the evidence presented at trial to determine whether the state satisfied its burden to prove that the defendant was fourteen years of age.

The victim testified that he was born on December 31, 1998. The arresting police officer testified that at the time of his arrest the defendant stated to the officer that his date of birth was September 17, 1994. On September 17, 2008, when the defendant turned fourteen years old, the victim was nine years and eight and one-half months old. Therefore, to establish that the defendant was fourteen years of age at the time of the criminal conduct, the state was required to prove either that the conduct occurred at any period in time when the victim was at least ten years old or that the conduct occurred when the victim was only nine years old, but the date of the conduct was on or after September 17, 2008, the defendant's fourteenth birthday.

The victim testified that the alleged incidents occurred when he was nine or ten years old, and the incidents occurred over a period of time with approximately one month between each successive incident. Accordingly, if the first incident occurred when the victim first turned nine years old, on December 31, 2007, then all of the incidents could have occurred prior to the defendant's fourteenth birthday on September 17, 2008.

The victim testified that the first incident was the one "behind the barn," which was the offense charged in counts one and two. Other than the fact that the remaining six incidents occurred after this initial incident, the victim did not testify as to any specific time period for those six incidents or provide evidence from which a finder of fact could make a reasonable inference as to the timing thereof or the defendant's age.

The victim's mother testified that she discovered the photograph of the victim's penis on her cell phone and confronted him about it in June of 2009, but there was no evidence introduced at trial regarding when the photograph was taken in relation to either its discovery or the last incident of sexual assault. We agree with the Appellate Court that, in the absence of any testimony as to when the photograph was taken or the proximity of the taking of the photograph to any of the alleged incidents, no finder of fact could use the discovery of the photograph to make a reasonable inference that the

last alleged incident occurred in June, 2009. Even if such an inference were reasonable, there is no evidence from which a finder of fact could reasonably infer which of the alleged incidents was the last incident.

In the absence of any testimony as to the order or the specific time period of the individual incidents, a finder of fact could not reasonably infer that the specific incidents alleged in counts six and ten, or any of the conduct that could have supported count fifteen, occurred after the defendant's fourteenth birthday. Therefore, in ruling on the defendant's motion to dismiss, there was no evidence that the trial court could have relied on to find that the criminal conduct underlying counts six, ten, and fifteen occurred on or after September 17, 2008, the date of the defendant's fourteenth birthday.[8]

In sum, once the defendant challenged the transfer of his case to the regular criminal docket on the basis of his age, the state did not establish, by any burden of proof, that the defendant was at least fourteen years of age at the time of the criminal conduct underlying the jury's verdict of guilt.

The judgment of the Appellate Court is affirmed with respect to vacating the defendant's conviction and remanding the case to the trial court with direction to grant the defendant's motion to dismiss and to transfer the case to the juvenile docket, and the case is remanded for a new trial on counts six, ten, and fifteen in accordance with this opinion.

In this opinion the other justices concurred.

* In accordance with our policy of protecting the privacy interests of the victims of sexual assault and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] Hereinafter, all references to § 46b-127 (a) are to the 2009 revision of the statute.

[2] We note, and the state conceded at oral argument before this court, that, in cases where the underlying conduct is alleged to have occurred both before and after the defendant's fourteenth birthday, the state typically specifies in the information that the alleged conduct occurred after the date of the defendant's fourteenth birthday and the trial court charges the jury that it must find that the charged conduct occurred after that date. The state did not follow this procedure in the present case. Because this practice reduces the risk of a juvenile defendant being convicted for conduct that, due to the defendant's age, should remain on the juvenile docket, we support this practice.

[3] Because we agree that the state failed to establish by any burden of proof that the defendant was fourteen years of age at the time of the charged offenses, we do not address the parties' remaining arguments as to what burden applies.

[4] In this appeal, the defendant does not claim that the trial court lacked subject matter jurisdiction and the state does not dispute the defendant's ability to raise his claim regarding his age at the time of the offenses through a motion to dismiss.

[5] Section 46b-127 (a) has been amended several times since 2009 and, most recently, the legislature amended that subsection to increase the age of a defendant eligible for transfer to fifteen years of age at the time of the alleged conduct and to exclude certain class B felonies from the automatic transfer provision. See Public Acts 2015, No. 15-183, § 1.

[6] General Statutes § 54-56 provides: "All courts having jurisdiction of criminal cases shall at all times have jurisdiction and control over informations

and criminal cases pending therein and may, at any time, upon motion by the defendant, dismiss any information or order such defendant discharged if, in the opinion of the court, there is not sufficient evidence or cause to justify the bringing or continuing of such information or the placing of the person accused therein on trial.''

[7] Practice Book § 41-8 provides: "The following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the information:

"(1) Defects in the institution of the prosecution including any grand jury proceedings;

"(2) Defects in the information including failure to charge an offense;

"(3) Statute of limitations;

"(4) Absence of jurisdiction of the court over the defendant or the subject matter;

"(5) Insufficiency of evidence or cause to justify the bringing or continuing of such information or the placing of the defendant on trial;

"(6) Previous prosecution barring the present prosecution;

"(7) Claim that the defendant has been denied a speedy trial;

"(8) Claim that the law defining the offense charged is unconstitutional or otherwise invalid;

"or (9) Any other grounds."

[8] We agree with the Appellate Court that this conclusion does not entitle the defendant to a judgment of acquittal because the timing of the offense is not an element of the crimes and there was sufficient evidence of each element of the crimes of which he was convicted. In light of the many differences between a delinquency proceeding on the juvenile docket and a criminal trial on the regular docket, some of which may have significant impacts on the outcome of a case, the appropriate remedy in this instance is a transfer to the juvenile docket for a new trial and not merely a transfer for judgment and sentencing.