IN RE MICHAEL B.*

SUPERIOR COURT

Memorandum filed June 30, 1993

SILBERT, J. On June 2, 1993, Michael B., born March 21, 1978, was arrested pursuant to a warrant charging him with two counts of murder allegedly committed on May 24, 1993. He was presented in the Superior Court for Juvenile Matters at Montville and the state's advocate assigned to that court has moved for transfer of the matter to the regular criminal docket of the Superior Court pursuant to General Statutes § 46b-127.

The state's attorney for the judicial district of New London has moved that this court determine whether he has standing to participate in the transfer hearing and has filed what purports to be an appearance on behalf of the state. The state's advocate, who claims to represent the interests of both the state and juvenile probation officer James E. Perry, the petitioner, has objected to the participation of the state's attorney. The respondent joins in this objection. The issue is apparently one of first impression in this state.

The law involving transfer hearings has evolved considerably over the years, with many of the successive

---

* Thus entitled in accordance with the spirit and intent of General Statutes § 46b-124 and Practice Book § 1060.1.

stages in the evolution having the effect of providing the transfer hearing with more of the trappings of a criminal proceeding. See, e.g., *In re Kiejam T.,* 221 Conn. 109, 602 A.2d 967 (1992); *In re Ralph M.,* 211 Conn. 289, 559 A.2d 179 (1989); *In re David M.,* 29 Conn. App. 499, 615 A.2d 1082 (1992). In the most recent stage of this evolution, the Appellate Court made it clear that the evidentiary rules normally associated with criminal proceedings in the Superior Court apply to the transfer hearing, despite the fact that the venue for that hearing remains in the Superior Court for Juvenile Matters. *In re Jose M.,* 30 Conn. App. 381, 620 A.2d 804, cert. denied, 225 Conn. 921, 625 A.2d 821 (1993). "Indeed," the court wrote, "the transfer hearing is the first step in the criminal prosecution of a juvenile as an adult." Id., 392.

On the basis of the notion that the transfer hearing is the first stage of the criminal prosecution of a juvenile, the state's attorney claims that he alone has both the constitutional and statutory duties to take over the prosecution at that stage. Conn. Const., amend. XXIII; General Statutes § 51-277 et seq. On the bases of the tradition of confidentiality of juvenile proceedings and the history of having a "court advocate" or "state's advocate" prosecute a juvenile delinquency case, the state's advocate claims that until the matter has actually been transferred, only he can represent the state's interests at a transfer hearing, although he would feel free to consult with the state's attorney on an "as needed" basis.

Independent of whether either the state's advocate or the state's attorney has an exclusive right to present in court the evidence needed to justify the finding of probable cause that is a prerequisite to transfer, the court has discretion to permit the participation of parties when to do so would "promote the interests of justice." Practice Book § 1023.1 (k).

Section 46b-127 requires the court to transfer from the juvenile docket to the regular criminal docket of the Superior Court any child referred for, inter alia, the commission of a murder. The transfer is not valid, however, until the transferring court makes the requisite written findings as to probable cause following a hearing at which the procedures of General Statutes § 54-46a apply. The referral of a murder case to this court requires the filing of a delinquency petition, which, given the allegation, triggers the provisions of § 46b-127 and, as such, initiates the criminal process. See *In re Jose M.,* supra, 30 Conn. App. 381. The venue for the transfer hearing must be in the Superior Court for Juvenile Matters; see General Statutes § 46b-122; but the procedure taking place, while subject to the protections that the venue provides, has distinctly criminal overtones.

In addition to his claim that only the state's advocate has the authority to prosecute delinquency matters, including transfer hearings, the state's advocate also resists the notion that to permit the state's attorney to participate in the present case would promote the interests of justice. One concern he expresses is that the state's interests in the transfer hearing will have "two captains," leading to confusion in the proceedings. Beyond that practical consideration, there is concern that the state's attorney's participation could violate the statutes regarding the confidentiality of records and the separation of delinquency matters from other Superior Court business. See General Statutes §§ 46b-122 and 124.

Given the gravity of the charges, the relative experience of the two offices in the prosecution of murder cases and in the conduct of hearings governed by the procedures set forth in § 54-46a, the relative degrees of involvement of the two offices with the investigation of the complaint that led to the present proceeding, and the fact that, if the case is transferred, the state's attorney will have ultimate and exclusive

responsibility for the prosecution of the case to its conclusion, this court finds that the participation of the state in the person of the state's attorney for the judicial district of New London, or his designated assistant, would have the effect of promoting the interests of justice. The court is satisfied that, because the transfer hearing will be held within the Superior Court for Juvenile Matters and because the state and the state's attorney are bound by the confidentiality provisions and related safeguards associated with matters presented in this venue, the respondent's rights as a juvenile will in no way be jeopardized by the participation of the state's attorney. The respondent will continue to have the full protections that are available to any child accused of a delinquent act up until the time of transfer, if transfer is granted, or the final decision on the appeal from such a transfer, if such an appeal is taken. General Statutes § 46b-127.

The only area of doubt remaining is the practical consideration identified by the state's advocate relating to the ship's having "two captains." This is not an issue for the court, at least in the first instance, to resolve. The court is satisfied that the state's advocate and state's attorney are capable of agreeing on a method of presentation. If it is mistaken in this regard, it will act promptly to assure an orderly presentation of the case.

In light of this decision, this court finds it unnecessary to reach the constitutional and statutory claim that only the state's attorney has the authority to prosecute a transfer hearing under § 46b-127. Under the circumstances of the present case, the state, in the person of the state's attorney for the judicial district of New London, or his designee, will be permitted to participate fully in the transfer hearing, the court having found that his participation would promote the interests of justice. The motion to allow him standing so to participate is, therefore, granted.