IN RE PRUDENCIO O.*
(14902)

PETERS, C. J., CALLAHAN, BORDEN, KATZ and PALMER, Js.

Argued May 3—decision released June 21, 1994

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 4166B.2, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Supreme Court.

Reporter of Judicial Decisions

*Ralph C. Crozier,* for the appellant (respondent).

*John H. Kearney,* state's advocate, for the appellee (petitioner).

PETERS, C. J. The dispositive issue in this appeal is whether the sixty day time limitation for conducting a hearing in probable cause that is mandated by General Statutes § 54-46a[1] is triggered by the initiation of an action in the Superior Court, on the docket for juvenile matters (Juvenile Matters), charging a child with the serious juvenile offense of murder. The juvenile respondent, Prudencio O. (juvenile), appeals from the order of the trial court transferring him from Juvenile Matters to the regular criminal docket pursuant to General Statutes § 46b-127,[2] and from the trial court's sub-

---

[1] General Statutes § 54-46a provides in relevant part: "PROBABLE CAUSE HEARING FOR PERSONS CHARGED WITH CRIMES PUNISHABLE BY DEATH OR LIFE IMPRISONMENT. (a) No person charged by the state . . . shall be put to plea or held to trial for any crime punishable by death or life imprisonment unless the court at a preliminary hearing determines there is probable cause to believe that the offense charged has been committed and that the accused person has committed it. . . .

"(b) Unless waived by the accused person or extended by the court for good cause shown, such preliminary hearing shall be conducted within sixty days of the filing of the complaint or information in superior court. . . ."

[2] General Statutes § 46b-127 (formerly § 51-308) provides: "MANDATORY TRANSFER OF CHILD CHARGED WITH CERTAIN FELONIES TO REGULAR CRIMI-

sequent denial of his motion to vacate the transfer order.[3] He appealed to the Appellate Court, and we transferred his appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm.

The procedural history relevant to this appeal is as follows. On August 4, 1993, a police referral summary was filed in Juvenile Matters stating that the juvenile,

NAL DOCKET. The court shall transfer to the regular criminal docket of the superior court from the docket for juvenile matters: (1) Any child referred for the commission of a murder under sections 53a-54a to 53a-54d, inclusive, provided any such murder was committed after such child attained the age of fourteen years . . . . No such transfer shall be valid unless, prior thereto, the court has made written findings, after a hearing, that there is probable cause to believe that the child has committed the act for which he is charged. At such hearing, the child shall have the right to counsel and to confront the witnesses against him. The procedures provided in section 54-46a shall apply at such hearing, except that the child shall have the right to move to suppress any admission made by him on the ground that it was obtained in violation of the provisions of subsection (a) of section 46b-137 and to obtain discovery of exculpatory information. An order by the court under this section transferring a child from the docket for juvenile matters to the regular criminal docket of the superior court shall be a final judgment for purposes of appeal. Upon the effectuation of the transfer, such child shall stand trial and be sentenced, if convicted, as if he were sixteen years of age, except that no such child shall be placed in a correctional facility but shall be maintained in a facility for children and youth until he attains the age of sixteen years or until he is sentenced, whichever occurs first. Such child shall receive credit against any sentence imposed for time served in a juvenile facility prior to the effectuation of the transfer. A child who has been transferred may enter a guilty plea to a lesser offense if the court finds that such plea is made knowingly and voluntarily. Any child transferred to the regular criminal docket who pleads guilty to a lesser offense shall not resume his status as a juvenile regarding said offense. If the action is dismissed or nolled or if such child is found not guilty of the charge for which he was transferred, the child shall resume his status as a juvenile until he attains the age of sixteen years."

[3] The juvenile does not dispute the trial court's factual findings made pursuant to General Statutes § 46b-127 after the hearing on the motion to transfer. Rather, he focuses solely on the ground for the denial of the motion to vacate the transfer. We deem this denial a final order relating to the transfer of the juvenile to the regular criminal docket as contemplated by § 46b-127 and thus a final order for purposes of appeal.

a fifteen year old, had shot and killed another person on the same date, and that the incident had involved the delinquent acts of murder, felony murder, burglary in the first degree and carrying a dangerous weapon. On that same date, the state filed a petition for adjudication of delinquency charging the juvenile with the serious juvenile offense of murder in violation of General Statutes § 53a-54a.[4] On September 17, 1993, after a hearing conducted pursuant to § 46b-127, the trial court found probable cause to believe that the juvenile had committed murder as charged, and transferred him from the docket for Juvenile Matters to the regular criminal docket.

Execution of the transfer order was automatically stayed for twenty days pursuant to Practice Book § 4046,[5] and stayed an additional twenty days on the

---

[4] General Statutes § 46b-120 (formerly § 51-301) provides in relevant part: "DEFINITIONS. The terms used in this chapter shall, in its interpretation and in the interpretation of other statutes, be defined as follows: 'Child' means any person under sixteen years of age . . . a child may be found 'delinquent' (1) who has violated any federal or state law or municipal or local ordinance . . . . 'Serious juvenile offense' means the violation by a child, including attempt or conspiracy to violate sections . . . 53a-54a to 53a-57, inclusive . . . 53a-101 . . . ."

General Statutes 53a-54a provides in relevant part: "MURDER. (a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

The delinquency petition also charged the juvenile with the serious juvenile offenses of felony murder in violation of General Statutes § 53a-54c, and burglary in the first degree in violation of General Statutes § 53a-101, and the delinquent act of carrying a dangerous weapon in violation of General Statutes § 53-206 (a).

[5] Practice Book § 4046 provides in relevant part: "In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause; and, if the case goes to judgment on appeal, until ten days after the decision is announced; but if the judge who tried the case is of the opinion that an extension to appeal is sought or the appeal is taken only for delay or that the due administration of justice so requires that a judge may at any time, upon motion and

granting of the juvenile's motion for an extension of time to appeal. On October 27, 1993, during the pendency of the stay, the juvenile filed in Juvenile Matters a motion to vacate the transfer order.

The juvenile's motion to vacate the transfer order did not seek to relitigate the evidentiary grounds for the transfer order. He alleged, instead, that he could no longer be tried for murder because of the state's failure to hold a § 54-46a hearing in probable cause within sixty days of the filing of the police referral or the initiation of delinquency proceedings against him. Relying on the reasoning in *State* v. *Torres*, 206 Conn. 346, 359–61, 538 A.2d 185 (1988), he maintained that, in the absence of a timely finding of probable cause, the trial court was required to retransfer his case from the regular criminal docket to the juvenile docket of the Superior Court. The trial court rejected this argument.

On appeal, the juvenile reiterates the procedural argument that he advanced in the trial court. The state responds that the procedural requirements of § 54-46a do not apply to an action for the adjudication of delinquency of a child, even when that action is based on the intentional killing of another person. According to the state, the sixty day provision of § 54-46a is triggered only by the filing of an information on the regular criminal docket.[6] The state argues that in this case, because the juvenile's transfer to the regular criminal

hearing, order that the stay be terminated. This section shall not apply to . . . juvenile matters brought pursuant to chapters 31 through 40 other than any transfer orders to the regular criminal docket. . . ."

[6] It is undisputed that the finding of probable cause made by the trial court was done in the context of a transfer hearing pursuant to General Statutes § 46b-127. Because we agree with the state that General Statutes § 54-46a is inapplicable to proceedings in Juvenile Matters, we need not address its alternative claim that the requirements of § 54-46a were met by the § 46b-127 transfer hearing.

docket will not be effectuated until final disposition of his appeal,[7] and he has not yet been charged by information, the sixty day time period has not yet begun to run. We agree with the state.

It is undisputed that the juvenile "has a constitutional right not to be tried [for murder] without probable cause being found according to the procedures set forth in General Statutes § 54-46a . . . ." *State* v. *Ramos,* 201 Conn. 598, 602–603, 519 A.2d 9 (1986); *State* v. *Haye,* 214 Conn. 476, 481, 572 A.2d 974 (1990); *State* v. *Mitchell,* 200 Conn. 323, 329–30, 512 A.2d 140 (1986).[8] The issue in this appeal is the manner in which this constitutional right, and its attendant procedural safeguards, should be applied in the context of proceedings initiated on the juvenile docket of the Superior Court. The juvenile's argument for the immediate applicability of § 54-46a reflects a profound misunderstanding of the fundamental structure of our juvenile justice system.

Despite the enactment of General Statutes § 51-164s in 1978, merging the Juvenile Court and the Superior Court, "the legislature has preserved a separate system for the disposition of cases involving juveniles accused of wrongdoing." *State* v. *Kelley,* 206 Conn. 323,

---

[7] See footnote 5 regarding automatic stay of judgment pending appeal.

[8] Enacted in the 1983 legislative session, "[t]he purpose of [General Statutes] § 54-46a was to institute the procedures necessary to implement article first, § 8 of the Connecticut constitution, as amended by article seventeen of the amendments to the Connecticut constitution, which had been certified by the secretary of the state as adopted by the voters during the prior year. See *State* v. *Sanabria,* 192 Conn. 671, 677–78, 474 A.2d 760 (1984). That amendment eliminated the grand jury indictment as the required means for holding a person for a crime punishable by death or life imprisonment and replaced it with a probable cause hearing." *State* v. *Kane,* 218 Conn. 151, 157, 588 A.2d 179 (1991). The amendment was "an attempt to correct [the] perceived inequities of the grand jury system and to provide expanded protections to an accused charged with a serious crime [by providing for] an open and adversarial probable cause hearing." *State* v. *Mitchell,* supra, 200 Conn. 328–29; see footnote 1.

329, 537 A.2d 483 (1988). Chapter 815t of our General Statutes sets forth the substantive and procedural laws governing juvenile matters. These "statutes require the maintenance of a separate juvenile docket within the family division of the Superior Court," and "[prohibit] the criminal prosecution of children except as provided in §§ 46b-126 and 46b-127." Id., 330–31; General Statutes § 46b-145;[9] Practice Book § 3. Thus, "[w]henever a child is brought before a judge of the superior court, [the] judge shall immediately have the case proceeded upon as a juvenile matter." General Statutes § 46b-133 (b). The judge "shall . . . exclude from the room in which such hearing is held any person whose presence is, in the court's opinion, not necessary. No such hearing shall be held in a room regularly used for the transaction of criminal business." General Statutes § 46b-122.

"The General Assembly . . . has expressed a preference for shielding children from criminal liability except in clearly circumscribed situations." *State* v. *Torres,* supra, 206 Conn. 360. Thus, it is only upon the effectuation of a transfer to the regular criminal docket pursuant to §§ 46b-126 or 46b-127 that a child may stand trial and be sentenced, if convicted, as if he were an adult. Our juvenile justice statutes mandate a preliminary hearing in probable cause, delineate the narrow circumstances under which a child shall be transferred, and set forth the procedures to govern such hearings.[10] Because significant statutory rights of juveniles[11] will be irrevocably lost upon their transfer to the regular criminal docket, the legislature has provided "that an order transferring a juvenile to the

[9] General Statutes § 46b-145 provides that "[n]o child shall be prosecuted for an offense before the superior court, nor shall the adjudication of such court that a child is delinquent in any case be deemed a conviction of crime except as provided in sections 46b-126 and 46b-127."

[10] See footnote 2.

[11] See, e.g., General Statutes § 46b-124 (anonymity); General Statutes § 46b-122 (confidential proceedings); and General Statutes § 46b-146 (erasure of police and court records).

regular criminal docket 'shall be a final judgment for purposes of appeal.' " *In re Bromell G.,* 214 Conn. 454, 460, 572 A.2d 352 (1990). Practice Book § 4046 provides for an automatic stay of the transfer pending appeal to ensure further that these rights are protected. We have characterized an appeal from a transfer order as a "juvenile" rather than a "criminal" matter for the purposes of assessing the relevant procedural rules on appeal. Id., 461–62. Thus, under our statutory framework, the juvenile whose transfer has been ordered stands poised at the doors of our criminal justice system, but not yet within them.

This unambiguous statutory framework counsels against interpolating into our juvenile justice system a single statute from the laws governing adult criminal procedures. The legislature has expressed no such intention. In reviewing the statutes governing the transfer of juveniles to the regular criminal docket, we have recognized that the probable cause hearing mandated by § 54-46a is afforded a child *after* his case has been transferred to the regular criminal docket. See *In re Ralph M.,* 211 Conn. 289, 307, 559 A.2d 179 (1989); *State* v. *Kelley,* supra, 206 Conn. 326–27. We expressly reaffirm this view.

Section 54-46a was enacted as part of title 54 of the general statutes, which governs criminal procedure. *In re Jose M.,* 30 Conn. App. 381, 392, 620 A.2d 804, cert. denied, 225 Conn. 921, 625 A.2d 821 (1993). The statute provides that "[n]o person charged by the state . . . shall be put to plea or held to trial for any crime punishable by death or life imprisonment unless the court at a preliminary hearing determines there is probable cause to believe that the offense charged has been committed and that the accused person has committed it," which hearing "shall be conducted within sixty days of the filing of the complaint or information in superior court" unless "extended by the court for good cause shown." General Statutes § 54-46a. The language

of the statute makes it plain that it applies only to criminal prosecutions, and is triggered only by the filing of a charge, by information or complaint, that places a defendant at risk of punishment by death or life imprisonment. A child charged under § 46b-120, by contrast, may not "stand trial" or "be prosecuted for an offense before the superior court" until *effectuation of a transfer* to the regular criminal docket. General Statutes §§ 46b-127 and 46b-145.

To rebut this plain reading of the applicable statutes, the juvenile urges us to read the term "complaint" in § 54-46a broadly to include a police referral or a delinquency petition initiating an action in Juvenile Matters. We are unpersuaded that so broad a reading of "complaint" is warranted.

The phrase "complaint or information" in § 54-46a (b) mirrors the express language of General Statutes § 54-46[12] and Practice Book § 616,[13] which delineate the particular charging documents to be used in prosecuting crimes. Our rules of practice direct that felonies be prosecuted by information, and that misdemeanors, violations, and infractions may be prosecuted either by information or by complaint. Practice Book § 616; *State* v. *Weisser,* 9 Conn. App. 255, 258–59 n.1, 518 A.2d 655 (1986) (*Spallone, J.,* concurring), cert. denied, 202 Conn. 803, 519 A.2d 1207 (1987). In accordance with these provisions, the term "complaint" in § 54-46a (b) must be construed to refer to a complaint used to initiate a *criminal* proceeding, and not to a juvenile proceeding.

---

[12] General Statutes § 54-46 provides in relevant part: "PROSECUTION ON COMPLAINT OR INFORMATION. For all crimes charged by the state on or after May 26, 1983, the prosecution may be by complaint or information. . . ."

[13] Practice Book § 616 provides: "All felonies shall be prosecuted by information. All misdemeanors, violations, and infractions shall be prosecuted by information or complaint. In all jury cases, and in all other cases on written request of the defendant, the prosecuting authority as of course shall issue an information in place of the uniform summons and complaint."

Restriction of the term "complaint" in § 54-46a (b) to criminal proceedings is appropriate even though § 54-46a applies only to serious felonies, which must be prosecuted by information, rather than by criminal complaint. Practice Book § 616. The juvenile's argument to the contrary overlooks the fact that a prosecuting authority may amend a criminal complaint by filing a substitute information in order to charge the more serious offense to which § 54-46a applies. Practice Book § 623.

The meaning of the term "complaint" in § 54-46a (b) is not illuminated by the reference to "complaint" in General Statutes § 46b-128. That statute provides that "[w]henever the superior court is in receipt of any written *complaint* filed by any person . . . maintaining that a child's conduct constitutes delinquency within the meaning of section 46b-120, it shall make a preliminary investigation to determine whether the facts, if true, would be sufficient to be a juvenile matter and whether the interests of the public or the child require that further action be taken. . . ." (Emphasis added.) It is not likely that a complaint "filed by any person" is the statutory equivalent of a crime "charged by the state," as § 54-46a requires. Furthermore, taken to its logical conclusion, construing § 54-46a to incorporate the language of § 46b-128 would require a probable cause hearing for *any* grievance alleging commission of a crime punishable by death or life imprisonment on the part of a child referred to Juvenile Matters. Such a construction is inconsistent with the legislature's express intent to circumscribe narrowly the circumstances under which a child may face criminal prosecution. *State* v. *Torres,* supra, 206 Conn. 360.

Finally, we turn to the juvenile's contention that § 54-46a was triggered immediately by the initiation of juvenile proceedings because § 46b-127 makes a transfer to the regular criminal docket "mandatory"

whenever a child is charged with murder. In light of § 46b-127, the juvenile argues that he was effectively charged with a crime "punishable by death or life imprisonment" upon the filing of the police referral or delinquency petition in his case. This argument is untenable because it assumes an immediate conflation of procedural steps that are intentionally distinct under our juvenile justice system.[14]

A delinquency petition does not charge a child with having committed a "crime" and does not expose a child to punishment "by death or life imprisonment." Even though a "serious juvenile offense" charges the commission of an act in violation of § 53a-54a, thus relating the offense to a violation of a criminal statute; General Statutes § 46b-120;[15] adjudication of a juvenile offense is not a conviction; General Statutes § 46b-145; and does not permit the imposition of criminal sanctions. General Statutes § 46b-141. The child's status and exposure can only be altered by an order transferring his case to the regular criminal docket. General Statutes §§ 46b-126, 46b-127 and 46b-145.

The fact that § 46b-127 is "mandatory" after its specific prerequisites have been met; see footnote 2;[16] does not cut the statute loose from its moorings within the juvenile justice system. The sole purpose of a hearing under § 46b-127 is to determine the "use of one of two

[14] The juvenile also contends that the state improperly failed to seek an extension of time to conduct the probable cause hearing as prescribed by General Statutes § 54-46a. This claim is similarly premised on a conflation of the distinct procedural steps involved in the transfer of a child to the regular criminal docket. Because we conclude that § 54-46a is not triggered until effectuation of the transfer, we need not address this claim further.

[15] See footnote 4.

[16] We need not decide the issue, raised during argument before this court, of whether General Statutes § 46b-127 is mandatory only on the motion by the state to transfer a juvenile to the regular criminal docket, thus leaving some discretion with the state as to whether, in the case of murder, a transfer to the regular criminal docket is appropriate.

possible forums—the juvenile court or the superior court—which will then hold the adjudicatory hearing." (Internal quotation marks omitted.) *In re Ralph M.,* supra, 211 Conn. 308. Like other juvenile justice hearings, this hearing is closed to the public. A hearing under § 54-46a, by contrast, "guarantees that no one will be forced to stand trial for a serious crime unless a court has first made a finding of probable cause at an *open hearing* in which the accused is provided with a full panoply of adversarial rights." (Emphasis added.) *State* v. *Mitchell,* supra, 200 Conn. 330.

The juvenile's interpretation of § 54-46a would undermine the legislature's intent, in providing a separate forum for juveniles, to protect the special interests that are presumed to be involved when the actor is a child. See *State* v. *Torres,* supra, 206 Conn. 360–61. It would contravene the purposes of both statutes to impose the procedural requirements of § 54-46a contemporaneously with the requirements established by § 46b-127 for the adjudication of a juvenile matter.

We conclude, therefore, that the trial court correctly denied the juvenile's motion to vacate the transfer. The requirements of § 54-46a had not yet come into play because the juvenile's transfer to the regular criminal docket had not yet been effectuated, and no information had as yet been filed against the juvenile formally charging him with the crime of murder.

The judgment is affirmed.

In this opinion the other justices concurred.